# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* N. L. CONSTANTINOFF, Minor.

UNPUBLISHED
April 14, 2015

No. 322666
Shiawassee Circuit Court
Family Division
LC No. 12-013228-NA

AFTER REMAND

Before: MURPHY, P.J., and METER and SERVITTO, JJ.

PER CURIAM.

Respondent appeals as of right from an order terminating his parental rights to his son NLC (DOB 10/31/09). We remanded to the trial court to clarify its findings and legal conclusions. *In re* N. L. Constantinoff, Minor, unpublished opinion per curiam of the Court of Appeals, issued February 3, 2015 (Docket No. 322666). The trial court having issued an Opinion and Order consistent with this Court's remand directive, we now affirm.

It is well established that the petitioner for the termination of parental rights bears the burden of proving at least one ground for termination under MCL 712A.19b(3). *In re Trejo*, 462 Mich 341, 350; 612 NW2d 407 (2000). This Court reviews an order terminating parental rights under the clearly erroneous standard. MCR 3.977(K). A decision of the trial court is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003).

Adjudication concerning NLC began on June 28, 2012, when the child was found in his mother's home, which was in deplorable condition. Respondent, who was never married to NLC's mother, had not at that time signed a formal affidavit of parentage for NLC. Respondent testified that he visited with NLC every other weekend before he became incarcerated in March 2011. Respondent was apparently incarcerated for third degree criminal sexual conduct. Although respondent signed an affidavit of parentage in July 2012, shortly after adjudication concerning NLC began, no services were provided to respondent due to his incarceration. The trial court terminated respondent's parental rights to NLC at the conclusion of a June 3, 2014, bench trial.

The record reveals that defendant became incarcerated for a sexual offense against a minor when NLC was approximately one and one-half years old. Defendant was sentenced to 5

-1-

years and five months to 22 years imprisonment, with his earliest possible release date being in February 2016. Pursuant to *In re Mason*, 486 Mich 142, 146; 782 NW2d 747 (2010), "[i]ncarceration alone is not a sufficient reason for termination of parental rights." However, the facts of *Mason* are distinguishable from those at hand.

In *Mason*, the respondent-father, who was never married to his two children's mother, shared responsibility for the eldest child's care with the mother and worked to support the family. The respondent-father was imprisoned shortly before the birth of the second child and both children were removed from the mother's care shortly thereafter. Although the DHS and the trial court knew of the respondent-father's incarceration, he was not given the opportunity to participate in the vast majority of hearings concerning the children. *Id*. at 148. Respondent-father was also not, as admitted by DHS, able to comply with the service plan as written while he was incarcerated. *Id*. at 156-157. The Court found this to be in error. The Court determined that termination of the respondent-father's parental rights occurred essentially solely because of his incarceration and held that the "mere present inability to personally care for one's children as a result of incarceration does not constitute grounds for termination." *Id*. at 160. The Court indicated that the trial court should have evaluated whether the respondent could care for his children in the future, either personally or through relatives. *Id*. at 165.

Here, in contrast to *Mason*, respondent was given the opportunity to appear at least by telephone at every stage of the proceedings involving NLC. In addition, the trial court in this case did not rely on respondent's failure to comply with any services or service plan as part of its decision to terminate respondent's parental rights, as did the trial court in *Mason*. While the trial court here noted that there are limited resources available to individuals in prison, and the DHS stated at the termination hearing that it does not offer services to people who are criminal sex offenders, the DHS also stated that respondent could look for services at his place of incarceration and report them to DHS.

Also in contrast to *Mason*, the trial court in this case did evaluate whether respondent would be able to care for NLC through family. Respondent requested that the trial court place NLC with respondent's brother. A home study was done and while there were concerns about the financial stability of the brother and his housing situation, the Foster Care Review Board ultimately denied placement with respondent's brother. The trial court found that the reasons for denying placement were sound, as they were based primarily upon a lack of stable independent housing.

On remand from this Court, the trial court stated that grounds for termination were established by clear and convincing evidence under MCL 712A.19b(3)(c)(i)(condition that led to adjudication continues to exist and there is no reasonable likelihood that the condition will be rectified within a reasonable time considering the child's age) and (3)(c)(ii)(other conditions exists that caused the child to come within the court's jurisdiction and respondent received recommendations to rectify those conditions but the conditions have not been rectified). As admitted by respondent, while his earliest release date is in February 2016, there is no guarantee that he will in fact be released at that time. One of the DHS caseworkers testified that respondent-father had been incarcerated since NLC was a little over a year old and that he would get out, at the earliest, when the child is six. According to the caseworker, at that point, respondent-father would not know NLC and would not know much about him. If respondent is

not released on his earliest out date, it will only serve to increase the time in which he will be unable to care for his child. That fact, coupled with the fact that suitable placement with respondent's family was considered satisfies this Court that the trial court's termination decision was not clearly erroneous.

Affirmed.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Deborah A. Servitto